# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:19CR389** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **TRENA BENTLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

      This matter comes before the Court upon the United States' Notice (ECF DKT #36) of Intent to Introduce Evidence under FRE 404(b) and Defendant's Motion in Limine (ECF DKT #47). For the following reasons, Defendant's Motion in Limine is granted and the evidence of alleged other acts will not be admitted.

## I. BACKGROUND

      On June 25, 2019, a Federal Grand Jury returned a three-count Indictment against Defendant Trena Bentley for Mail Fraud in violation of 18 U.S.C. § 1341 (Count One); for Bank Fraud in violation of 18 U.S.C. § 1344(2) (Count Two); and for making a False Statement in violation of 18 U.S.C. § 1001(a) (Count Three).

      In Count One, Defendant is charged with scheming to defraud Stein Insurance Agency on or about July 8, 2014, by mailing a Stein check numbered 24828, in the amount of $15,105.40 and made payable to McGown Program Administrators, to R.H. in Houston, Texas with the agreement that R.H. would either cash the check or deposit it in an account and

then split the proceeds with Defendant.

In Count Two, Defendant is charged with scheming to defraud FDIC-insured financial institutions on August 8, 2014, by fraudulently endorsing check number 12872, in the amount of $5,073.80, drawn on Farmer's State Bank and made payable to W.R., and depositing it into Defendant's own account at JP Morgan Chase.

In Count Three, Defendant is charged with making a false sworn statement to investigators, explaining that she met with L.W. in July of 2014 to obtain the check which was mailed to R.H. in Texas.  In fact, she did not meet with L.W., who was imprisoned out-of-state at that time.

Defendant entered a plea of Not Guilty on July 2, 2019.  Jury Trial is scheduled to begin on June 27, 2022.

On June 21, 2022, the United States filed a Notice of Intent (ECF DKT #36) to introduce evidence pursuant to Fed.R.Evid. 404(b).  That evidence includes:  (1) a check deposited into Defendant's account on July 2, 2014, in the amount of $3,770.15, sent from PermaPlate Company and intended for Conrad Holdings, LLC; (2) a check deposited into Defendant's account on June 17, 2014, in the amount of $88.08, sent from Beltmann Group Incorporated and intended for Relocation Services, Inc., Lee Shank; (3) a check deposited into Defendant's account on September 23, 2014, in the amount of $200.00, sent from PNC Institutional Investments and intended for Jenny Kozlowski; (4) a check deposited into Defendant's account on September 29, 2014, in the amount of $1,624.00, sent from Education Affiliates, Inc. and intended for Terry Cook; and (5) a check cashed by Defendant on July 10, 2018, in the amount of $2,500.00, that was written by Defendant on Robert Bahler's bank

account without his knowledge or consent.

The United States argues that these checks deposited into Defendant's account before and after the conduct charged in Counts One and Two of the Indictment are *res gestae* evidence and are inextricably intertwined with the conduct at issue.  Alternatively, the United States argues that the evidence tends to prove Defendant's intent, motive, plan, preparation, knowledge or absence of mistake as it relates to the bank and mail fraud crimes charged in the Indictment.  See Fed.R.Evid. 404(b).

Defendant insists that the proposed evidence is not *res gestae* or intrinsic to the charged offenses.  The prejudice caused to Defendant by admitting evidence of these other acts for any purpose outweighs the probative value it may have to the factfinder.

## II. LAW AND ANALYSIS

### Motions in Limine

"Motions in Limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Insurance Co. v. General Electric Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997)).  A "motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'" *State v. Grubb*, 28 Ohio St.3d 199, 201-202 (1986) (citing *State v. White*, 6 Ohio App.3d 1, 4 (1982)).  "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."  *Luce v. United*

-3-

*States*, 469 U.S. 38, 41 (1984).

**Fed.R.Evid. 403**

Fed.R.Evid. 403 provides: "The court may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  (Emphasis added).

**_Res Gestae_**

The Sixth Circuit recognizes the admissibility of *res gestae*, or background evidence, in limited circumstances when the evidence includes conduct that is "inextricably intertwined" with the charged offense.  *United States v. Peete*, 781 F.App'x 427, 432 (6th Cir. 2019); *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir.2000).  "The principle [*res gestae*] contains severe limitations as to 'temporal proximity, causal relationship, or spatial connections' among the other acts and the charged offense.  *Hardy*, 228 F.3d at 749. Examples of general categories that may satisfy these requirements include evidence that 'is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.' *Id*. at 748."  *United States v. Clay*, 667 F.3d 689, 697-98 (6th Cir. 2012).

Aside from the temporal proximity of four of the proposed fraudulent check transactions to the conduct in the Indictment, the Court finds that the evidence the United States offers is not admissible as *res gestae*.  The evidence is not "inextricably intertwined." The incidences do not involve the U.S. Mail as charged in Count One, nor False Statements as

charged in Count Three.  Unlike the specific allegations in the Bank Fraud Count (Count Two), Farmer's State Bank is not the financial institution mentioned in the other acts the United States seeks to introduce.  The evidence is not directly probative of the indicted offenses and does not arise from the same events.  The other acts do not provide necessary background facts nor do they complete the story of the charges in the Indictment.  The check transaction of July 10, 2018 is too remote in time and too dissimilar to the conduct in the Indictment to be treated as *res gestae* evidence.

### Fed.R.Evid. 404(b)

Federal Rule of Evidence 404(b) allows the government to introduce evidence of "other crimes, wrongs, or acts" committed by the defendant so long as the evidence is not used merely to show propensity and if it "bears upon a relevant issue in the case." *Hardy*, 228 F.3d at 750.  The Rule contains a non-exhaustive list of possible purposes:  "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b).  Such evidence "is not admissible to prove the character of a person in order to show action in conformity therewith." *Id.*

"[I]f the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir.2003) (citing *United States v. Haywood*, 280 F.3d 715, 719–20 (6th Cir.2002)).

The Court agrees with the United States that at least the 2014 acts involving deposits to Defendant's Chase account could illustrate knowledge and the absence of mistake as to Bank Fraud.  However, the risk of substantial prejudice from admitting the "other acts"

evidence is too great.

> "Evidence of other bad acts undoubtedly has a powerful impact on a juror's mind. As we have previously explained, "[w]hen prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered: to suggest that the defendant is a bad person, a convicted criminal, and that if he ' "did it before he probably did it again." ' " *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir.1994), cert. denied, 513 U.S. 1115, 115 S.Ct. 910, 130 L.Ed.2d 792 (1995).

*Clay*, 667 F.3d at 696.

As to the Government's case-in-chief, the Court determines that unfair prejudice substantially outweighs the probative value of admitting the evidence of the check deposits into Defendant's Chase Bank account.

The Sixth Circuit has instructed that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner-Operator Independent Drivers Ass'n v. Comerica Bank*, No. 05-CV-0056, 2011 WL 4625359, at *1 (S.D.Ohio Oct.3, 2011).

Therefore, the Court excludes this "other evidence" as to all Counts. However, the Court may re-visit this ruling, as to Count Two of the Indictment only, if the presentation of evidence and testimony at trial warrants it. Regardless of the testimony and evidence at trial, the Court holds that the July 2018 check is too remote in time and too factually dissimilar to provide any probative 404(b) value.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #47) in Limine of Defendant Trena Bentley

is granted and the United States is precluded from introducing the bank transactions and the images of the checks identified in its Notice of Intent.

**IT IS SO ORDERED.**

**DATE: June 24, 2022**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**